**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0410-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOEY RICHBURG, a/k/a
93001124001 JOEY,
RICHBURG JOEY and
THE HAT,

     Defendant-Appellant.

_____

        Submitted January 25, 2021 – Decided March 2, 2021

        Before Judges Currier and Gooden Brown.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 13-08-1576.

        Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

        Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the July 8, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant was charged in a five-count indictment with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count one); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count two); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count five).

The charges stemmed from gunfire exchanged between two males on a residential street at approximately 1:00 p.m. on January 6, 2013. A resident was struck in the abdomen by a stray bullet that came through the window of her home. She survived the gunshot wound and subsequently identified defendant as one of the shooters from photographs. Several neighbors reported hearing gunshots to the police but could not identify any of the shooters. However, one witness who was outside when the shooting occurred identified defendant as one of the shooters, thus corroborating the victim's identification.

A-0410-19

During pre-trial proceedings, the State moved to dismiss counts one through four of the indictment. On March 22, 2016, the eve of trial on the remaining count, defendant entered a negotiated guilty plea to count five,[1] and admitted possessing an operable firearm on January 6, 2013, knowing that he was prohibited from possessing firearms because of his prior criminal convictions. On July 15, 2016, defendant was sentenced in accordance with the plea agreement to five years' imprisonment, with a five-year period of parole ineligibility.

Defendant did not file a direct appeal. On December 21, 2018, defendant filed a timely pro se PCR petition, claiming ineffective assistance of counsel (IAC) "due to counsel's fail[ure] to communicat[e]." In an unsigned certification, defendant stated he "wish[ed] to vacate the plea" because his attorney "never review[ed] any discovery with [him]" and "never conducted any investigations." No other supporting certifications or affidavits were submitted. However, after he was assigned counsel, in his supporting brief, defendant argued his attorney failed to communicate and "review discovery with [him]" to assist "in developing . . . arguments to present at trial." Defendant also argued

_____

[1] Defendant also pled guilty to an unrelated charge that is not the subject of this appeal.

A-0410-19

his attorney "never conducted any investigations" of the witnesses and thereby lost "any opportunity to capture . . . exculpatory information."

Following oral argument, the PCR judge denied defendant's petition. In a written opinion, the judge applied the governing legal principles and concluded defendant failed to establish a prima facie case of IAC by a preponderance of the evidence. Viewing the facts in the light most favorable to defendant, the judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different without the purported deficient performance as required under the second prong of the Strickland/Fritz test. See State v. DiFrisco, 137 N.J. 434, 456-57 (1994) (applying the Strickland test "to challenges of guilty pleas based on [IAC]" (citing Hill v. Lockhart, 474 U.S. 52, 58 (1985))).

Specifically, the judge explained that defendant's "allegation that trial counsel was ineffective[] fail[ed] to set forth any factual basis for counsel's deficiencies or how he was prejudiced." The judge pointed out that defendant claimed that trial counsel failed to investigate and "review discovery with [him]" but "[n]o facts have been presented as to what an investigation of the State's

witnesses <u>would</u> have revealed," "only what investigations <u>could</u> have revealed." (Emphasis added). Additionally, the judge determined that defendant was not entitled to an evidentiary hearing because he failed to present any issues that could not be resolved by reference to the existing record. The judge stated that "[d]espite several claims of error against counsel," defendant failed to "set forth any facts or information that would give this [c]ourt a basis for evidentiary review" but only made "vague," "conclusory" and "speculative" allegations.

On appeal, defendant raises the following single point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN
> EVIDENTIARY HEARING ON HIS CLAIM THAT
> HIS ATTORNEY RENDERED [IAC] FOR FAILING
> TO REVIEW DISCOVERY AND INVESTIGATE.

The mere raising of a PCR claim does not entitle the defendant to an evidentiary hearing. <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, "view[ing] the facts in the light most favorable to a defendant," <u>State v. Preciose</u>, 129 N.J. 451, 463 (1992), PCR judges should grant evidentiary hearings in their discretion only if the defendant has presented a prima facie claim of IAC, material issues of disputed fact lie outside the record, and

resolution of those issues necessitates a hearing.  R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013); State v. Marshall, 148 N.J. 89, 158 (1997).

Moreover, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative," R. 3:22-10(e)(2), and a defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Cummings, 321 N.J. Super. at 170. Instead, he must support his claims with "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.  See State v. Jones, 219 N.J. 298, 311-12 (2014) ("In order for a claim of ineffective assistance of counsel to entitle a PCR petitioner to an evidentiary hearing, 'bald assertions' are not enough—rather, the defendant 'must allege facts sufficient to demonstrate counsel's alleged substandard performance.'" (quoting Porter, 216 N.J. at 355)).

We are satisfied that defendant failed to make a prima facie showing of IAC within the Strickland/Fritz test to warrant relief, and we discern no abuse of discretion in the judge's denial of his petition without an evidentiary hearing.[2]

---

[2] Notably, defendant never even averred that but for counsel's purported errors, he would not have pled guilty and would have insisted on going to trial.  In order to establish the Strickland prejudice prong to set aside a guilty plea based on IAC, in addition to showing "there is a reasonable probability that, but for

See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."); State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) ("[I]t is within our authority to conduct a de novo review of both the factual findings and legal conclusions of the PCR court" where, as here, no evidentiary hearing was conducted (citations and internal quotation marks omitted)). We agree with the judge that defendant's conclusory, speculative, and unsupported assertions are fatal to his petition. Indeed, "[d]efendant must demonstrate a prima facie case for relief before an evidentiary hearing is required, and the court is not obligated to conduct an evidentiary hearing to allow defendant to establish a prima facie case not contained within the allegations in his PCR petition." State v. Bringhurst, 401 N.J. Super. 421, 436-37 (App. Div. 2008).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," DiFrisco, 137 N.J. at 457 (alteration in original) (quoting Hill, 474 U.S. at 59), "'a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances.'" State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). The latter determination should be "based on evidence, not speculation." Ibid.

A-0410-19